IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KEITH RUSSELL JUDD, #11593-051,<br><br>Petitioner,<br><br>vs.<br><br>OFFICE OF ELECTIONS OF HAWAII; SECRETARY OF STATE OF HAWAII; STATE OF HAWAII,<br><br>Respondents. | ) | CIV. NO. 11-00365 DAE-BMK<br><br>ORDER DISMISSING PETITION AND DENYING *IN FORMA PAUPERIS* APPLICATION |

**ORDER DISMISSING PETITION AND DENYING *IN FORMA PAUPERIS* APPLICATION**

Plaintiff is a federal prisoner incarcerated in the Federal Correctional Institution in Texarkana, Texas. Plaintiff has filed a *pro se* petition against the Office of Elections of Hawaii, the Secretary of State of Hawaii, and the State of Hawaii, and seeks *in forma pauperis* status. Plaintiff seeks injunctive relief requiring the State of Hawaii to place him on the presidential primary ballot for 2012 as a Democratic candidate and a declaratory judgment that Hawaii's election laws are unconstitutional because they do not allow convicted felons to vote. Plaintiff's petition and action are DISMISSED as frivolous and his *in forma pauperis* application is DENIED.

I. LEGAL STANDARD

The court must identify and dismiss any prisoner complaint, or portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* §§ 1915(e)(2)(B) & 1915A(b). A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The *in forma pauperis* statute, 28 U.S.C. § 1915

> accords judges not only the authority to dismiss a claim based on an indisputable meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

*Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (quotations marks omitted)). A finding of factual frivolousness is warranted when the facts alleged are "clearly baseless," "fanciful," "fantastic," "delusional" or wholly incredible "whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327-28); *see Ashcroft v. Iqbal*, ---U.S.---, ---, 129 S. Ct. 1937, 1959 (2009). A court must not dismiss a complaint simply because the set of facts presented by the plaintiff appears to be "unlikely[,]" *Denton*, 504 U.S. at 33, yet, at the same time, a complaint must allege facts "to

state a claim . . . that is plausible on its face." *Bell Atl. Com. v. Twombly*, 550 U.S. 544, 570 (2007). If a pleading can be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 127-29 (9th Cir. 2000) (*en banc*); Moss, 572 F.3d at 971.

## II. DISCUSSION

Plaintiff has filed an astonishing 902 cases in the federal courts to date. *See* PACER Case Locator, http://pacer.upsci.uscourts.gov.[1] Plaintiff has been sanctioned and enjoined from filing suit in many of these courts. *See e.g.*, *Judd v. U.S. Dist. Ct. W.D. Tex.*, 528 U.S. 5, 5–6 (1999); *In re Judd*, 240 Fed. Appx. 981, 982 (3rd Cir. 2007); *Judd v. Fox*, 289 Fed. Appx. at 795–96;*Judd v. United States*, No. 05–5289, 05–5290, 2006 WL 1565084, at *1 (D.C. Cir. Feb. 14, 2006); *Judd v. Univ. of New Mexico*, 204 F.3d 1041 (10th Cir. 2000)

---

[1] This court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). A court may also take judicial notice of the existence of matters of public record, such as a prior order or decision, but not the truth of the facts cited therein. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-690 (9th Cir. 2001); *see also Interstate Natural Gas Co. v. Southern California Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953) (holding a court may take judicial notice of records and reports of administrative bodies).

(summarizing Plaintiff's history of abusive filings in the federal courts and imposing filing restrictions).

Plaintiff has also had more than three civil actions dismissed as frivolous and has been barred from proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). *See, e.g., Judd v. Univ. of New Mexico*, No. 97-50242, 1997 WL 811623 (5th Cir. Dec. 9, 1997) (appeal dismissed as frivolous); *Judd v. United States District Court*, No. 98-51119, 1999 WL 274608 (5th Cir. Apr. 16, 1999) (appeal dismissed as frivolous); *Judd v. United States District Court*, No. 98-51155, 1999 WL 274610 (5th Cir. Apr. 16, 1999) (appeal dismissed as frivolous); *United States v. Judd*, No. 08-50213 (5th Cir. Oct. 7, 2009) (sanctioned $500 and barred from further filings); *Judd v. U.S.A.*, No. 7:00 cv188 (W.D. Va. Mar. 9, 2000) (dismissed as frivolous); *Judd v. United States Court of Appeals for the Fifth Circuit*, No. 1:08cv170 (E.D. Tex. Apr. 4, 2008) (dismissed under 28 U.S.C. § 1915(g)).

More importantly, a PACER search reveals that, in the past several weeks, Plaintiff has filed numerous identical complaints in separate federal district courts. The only difference in these complaints is that each is tailored to the particular state in which it is filed, generically naming the particular state, state official, and election board. In every other respect these complaints are identical.

*See e.g. Judd v. Wyoming Sec'y of State*, Civ. No. 11-00202 (D. Wyo. June 6, 2011) (dismissed as frivolous); *Judd v. Washington Sec'y of State*, Civ. No. 11-00214 (E.D. Wa. 2011) (pending); *Judd v. Virginia Sec'y of State*, Civ. No. 11-00618 (E.D. Va. 2011) (pending); *Judd v. Tennessee Sec'y of State*, Civ. No. 11-00244 (E.D. Tenn. June 3, 2011) (dismissed pursuant to § 1915(g)); *Judd v. Oklahoma Sec'y of State*, Civ. No. 11-00183 (E.D. Okla. 2011) (pending); *Judd v. Oklahoma Sec'y of State*, Civ. No. 11-00183 (W.D. Okla. 2011) (pending); *Judd v. State Election Bd. of New York*, Civ. No. 11-00571 (N.D.N.Y. 2011) (pending); Judd v. Maine Sec'y of State, Civ. No. 11-00212 (D. Me. 2011) (pending); Judd v. New Hampshire Sec'y of State, Civ. No. 11-00183 (D.N.H. 2011) (pending).Judd v. Nevada Sec'y of State, Civ. No. 11-00853 (D. Nev. 2011) (pending); *Judd v. Montana Sec'y of State*, Civ. No. 11-00080 (D. Mont. May 27, 2011) (dismissing pursuant to § 1915(g)); *Judd v. Sec'y of the Commonwealth of Massachusetts*, MC. No. 11-00183 (D. Mass. June 1, 2011) (dismissed as frivolous).

Plaintiff is not a citizen of Hawaii, nor was he convicted, sentenced, or incarcerated here. In short, Plaintiff has no connection to the State of Hawaii. Moreover, Plaintiff's allegation that Hawaii forbids felons to vote is incorrect. Pursuant to Hawaii Revised Statutes, Section 831-2, people convicted of a felony may vote upon their release from prison. This restriction on voting rights has been

upheld by the United States Supreme Court. *See Richardson v. Ramirez*, 418 U.S. 24 (1974). If follows that, because Plaintiff is ineligible to vote due to his incarceration, he is ineligible to run for public office.

Moreover, Plaintiff's filings in this action are duplicative of actions he has filed in other courts. The court may dismiss a complaint or individual claims when the complaint or claims are duplicative of claims brought in another case. *See* 28 U.S.C. § 1915A(b)(1) (allowing district courts to dismiss prisoner actions that are frivolous); *see also Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (no abuse of discretion in dismissing action as frivolous under 28 U.S.C. § 1915 where complaint "merely repeats pending or previously litigated claims").

This court concludes that the present action is frivolous and malicious and "based on . . . indisputably meritless legal theor[ies]." *Neitzke*, 490 U.S. 319, 327 (1989). After a careful review of Plaintiff's petition, as well as the numerous pleadings Plaintiff has filed in the other federal courts this year, this court is convinced that Plaintiff's petition is baseless, frivolous, and malicious.

## III. CONCLUSION

1. Plaintiff's Complaint is DISMISSED as frivolous and malicious. Because amendment is futile, this dismissal is WITHOUT LEAVE GRANTED TO AMEND.

2. Plaintiff's *in forma pauperis* application is DENIED. The Clerk is DIRECTED to docket any further pleadings, motions, documents, exhibits, etc. submitted by Plaintiff in this action, **other than a notice of appeal**, as "requests" or "correspondence." The Clerk is DIRECTED to terminate this action, and to process any notice of appeal filed by Plaintiff in this action in the normal manner.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 13, 2011.




David Alan Ezra
United States District Judge

*Judd v. Office of Elections of Hawaii,* Civ. No. 11-00365 DAE-BMK; ORDER DISMISSING PETITION AND DENYING IN FORMA PAUPERIS APPLICATION; psas\screening\dmp\ Judd 11-365 (mal. friv. dny ifp)